UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ALEX KLEINERT,

        Plaintiff,

v.

F. ANDERSON et al.,

        Defendants.
_____/

Case No. 2:22-cv-65

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Unknown Abramson and Defendants in their official capacities. Plaintiff's Eighth Amendment claim against Defendant Anderson, individually, remains in the case.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Correctional Officer F. Anderson and Sergeant Unknown Abramson in their individual and official capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that, on August 13, 2021, Plaintiff was involved in an altercation with another inmate, at which time the other inmate threw boiling bleach on Plaintiff, striking Plaintiff on the left side of his face and left arm. (ECF No. 1, PageID.6.) Defendant Anderson then restrained Plaintiff, placing Plaintiff in handcuffs. (*Id.*) Plaintiff alleges that Defendant Anderson grabbed Plaintiff "firmly an [sic] forcibly on the left arm while escorting Plaintiff out of the D unit. (*Id.*) While being escorted by Defendant Anderson, Plaintiff told Defendant Anderson that Plaintiff "was recently burned and asked [Defendant Anderson] to grab [Plaintiff's] other arm." (*Id.*) Defendant Anderson did not respond. (*Id.*)

When Plaintiff and Defendant Anderson got outside, Plaintiff spit bleach out of his mouth onto the ground. (*Id.*) Defendant Anderson told Plaintiff, "You do that again, I will drop you and Taz [sic] you." (*Id.*) Once again, Plaintiff told Defendant Anderson that Plaintiff had been struck with boiling bleach. Plaintiff asked that Defendant Anderson grab Plaintiff's other arm as Defendant Anderson was "hurting him more." (*Id.*) Defendant Anderson refused, telling Plaintiff that he could smell the bleach but was not switching arms. When Plaintiff told Defendant Anderson that Defendant Anderson was peeling Plaintiff's skin off more by holding onto Plaintiff's left arm, Defendant Anderson responded, "I don't care. Your [sic] just a punk ass inmate." (*Id.*)

Defendant Anderson continued to hold onto Plaintiff's burned left arm until Plaintiff and Defendant Anderson arrived at medical, an approximately 200-yard walk. (*Id.*) Only upon arriving at medical did Defendant Anderson let go of Plaintiff's left arm. (*Id.*)

On August 16, 2021, Plaintiff filed a grievance related to this incident. (ECF No. 1-2, PageID.14.) In his grievance, Plaintiff indicated that his left arm was "severely burned" and that "the skin peeled off due to C.O. Anderson holding that specific spot . . ." (*Id.*)

Plaintiff has also named Sergeant Abramson as a Defendant. While Plaintiff explicitly states that he does not believe that Defendant Abramson was present during the events described above (ECF No. 1, PageID.6), Plaintiff attaches responses to Plaintiff's grievance which indicate that Defendants Anderson and Abramson both stated that "at no time was more than a reasonable amount of force used and no threats were made" (ECF No. 1-5, PageID.20; ECF No. 1-7, PageID. 24). Plaintiff posits that this response indicates that Defendant Abramson was either present for Defendant Anderson's use of force or was lying to support Defendant Anderson. (ECF No. 1, PageID.8.). Plaintiff alleges that, *if* Defendant Abramson was behind Plaintiff and Defendant Abramson on the 200-yard walk to medical, then Defendant Abramson would have heard Plaintiff's pleas for Defendant Anderson to switch arms and witnessed Defendant Anderson's refusal to act. (*Id.*, PageID.6, 9.)

Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment right to be free from excessive force. (*Id.*, PageID.7, 9). Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*, PageID.9.)

**II.     Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a

complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Claim Against Defendant Anderson

Plaintiff alleges that Defendant Anderson violated Plaintiff's Eighth Amendment right to be free from excessive force when Defendant Anderson continued to "firmly and forcibly" hold Plaintiff's burned left arm while escorting Plaintiff for medical attention, despite Plaintiff's complaints of pain, peeling skin, and repeated requests that Defendant Anderson switch arms.

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "'evolving standards of decency.'" *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981) (quoting *Trop v. Dulles*, 356 U.S. 86, 101 (1958)). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "'involve the unnecessary and wanton infliction of pain.'" *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "'totally without penological justification.'" *Id.*

But not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (holding that "[n]ot every push or shove . . . violates a prisoner's constitutional rights") (internal quotations omitted). On occasion, "[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law." *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)), *quoted in Cordell v. McKinney*, 759 F.3d 573, 580–81 (6th Cir. 2014). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted); *Bailey v. Golladay*, 421 F. App'x. 579, 582 (6th Cir. 2011). "When prison officials maliciously and sadistically use force to cause harm, contemporary

5

standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

At this early stage in the proceedings and based upon the facts as alleged, this Court finds that Plaintiff has alleged sufficient facts to state an Eighth Amendment claim against Defendant Anderson.

### B. Claim Against Defendant Abramson

Plaintiff frames his claim against Defendant Abramson as one of supervisory liability. (ECF No. 1, PageID.8.) However, in contending that, *if* present, Defendant Abramson failed to act to prevent or stop Defendant Anderson's use of excessive force, Plaintiff's claim may also be categorized as one for failure to intervene. Regardless of the theory on which it is based, this Court finds that Plaintiff fails to state a claim against Defendant Abramson.

#### 1. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Supervisory liability requires a "'causal connection' between the defendant's 'active unconstitutional behavior' and the plaintiff's injuries." *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (citing *Peatross*, 818 F.3d at 242).

Plaintiff fails to allege any facts from which the Court could infer that Defendant Abramson was aware of Defendant Anderson's unconstitutional behavior at the time that it occurred, let alone that Defendant Abramson encouraged or condoned the conduct, or authorized, approved or knowingly acquiesced in the conduct so as to have caused the alleged constitutional violation. As discussed above, Plaintiff indicates that he does not believe that Defendant Abramson was present during Defendant Anderson's use of force. While Plaintiff cites to the investigation of and responses to Plaintiff's grievances (ECF No. 1-5, PageID.20; ECF No. 1-7, PageID.24), as evidence that Defendant Abramson *may* have been present, the documents attached to Plaintiff's Complaint do not support this inference. There is nothing to indicate that Defendant Abramson was present for and observed the interaction between Defendant Anderson and Plaintiff as opposed

7

to having performed only a supervisory review; there is nothing to indicate that Defendant Abramson was present for the entire encounter as opposed to only a portion; there is nothing to indicate that, *if present*, Defendant Abramson could hear the dialogue between Defendant Anderson and Plaintiff, which is important to the Court's determination that Plaintiff has stated a claim against Defendant Anderson. Because Plaintiff fails to plead sufficient facts to support a plausible claim, this Court will dismiss Plaintiff's claim for supervisory liability against Defendant Abramson.

### 2. Failure to intervene.

An officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *accord Alexander v. Carter ex. rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018). For the same reasons discussed in the preceding section, Plaintiff's allegations do not support the inference that Defendant Abramson observed or had reason to know that excessive force was being used by Defendant Anderson. Therefore, this Court will likewise dismiss any possible claim against Defendant Abramson for failure to intervene.

### C. Official Capacity Claims

Finally, Plaintiff brings claims against each Defendant in both their individual and official capacities. (ECF No. 1, PageID.2.) He seeks a declaratory judgment, a permanent injunction, and monetary damages. (ECF No.1, PageID.9.) This Court will dismiss all official capacity claims.

Official-capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)

(citing *Monell*, 436 U.S. at 690, n. 55). An official-capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165-66. Accordingly, claims against each Defendant employed by the MDOC (ECF No. 1, PageID.2), are treated as claims against the MDOC itself.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g., Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy*, 369 F. App'x at 653–54. Therefore, this Court dismisses Plaintiff's "official capacity" claims seeking a declaratory and monetary relief on grounds of immunity.

While a suit against an individual in his official capacity is ordinarily equivalent to a suit brought against the governmental entity, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), an official-capacity action seeking injunctive relief constitutes an exception to sovereign

immunity, *see Ex Parte Young*, 209 U.S. 123, 159–60 (1908) (Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). As the Supreme Court has recognized, a suit under *Ex Parte Young* for prospective injunctive relief is not treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id*.

Importantly, as the Supreme Court repeatedly has recognized, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Because Plaintiff's Complaint does not allege any ongoing violation of federal law, nor does it seek relief properly characterized as prospective, this Court will dismiss Plaintiff's claims against Defendants in their official capacities.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Abramson and all Defendants in their official capacities will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant Anderson for the use of excessive force, individually, remains in the case.

An order consistent with this opinion will be entered.

Dated:   September 29, 2022           /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge