UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEX KLEINERT, #953948,                           Case No. 2:22-cv-65

                    Plaintiff,                    Hon. Paul L. Maloney
                                                  U.S. District Judge

        v.

F. ANDERSON,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.    Introduction

        This Report and Recommendation (R&R) addresses Defendant's motion for
summary judgment.  (ECF No. 34.).

        On March 24, 2022, Plaintiff — state prisoner Alex Kleinert — filed suit
pursuant to 42 U.S.C. § 1983.  In his unverified complaint, Kleinert asserts that while
he was incarcerated at Chippewa Correctional Facility (URF) in Kincheloe, Michigan,
Defendant Corrections Officer (CO) Francis Anderson used excessive force against
him in violation of his Eighth Amendment rights.[1] (ECF No. 1, PageID.5.) More
specifically, Kleinert asserts that a fellow prisoner threw "boiling bleach" at him
during a physical altercation on August 13, 2021.  Despite Kleinert's burns, CO
Anderson handcuffed Kleinert and forcibly grabbed his burned arm to escort him to

_____

[1]     Kleinert also named Sergeant Anthony Abramson as a Defendant in his
complaint, but the Court dismissed Abramson after finding that Kleinert's failed to
state a claim against him.  (ECF No. 6, PageID.56.)

medical.  Kleinert claims that he asked CO Anderson to grab his other arm during the escort, but that CO Anderson refused, calling Kleinert a "punk ass inmate." (*Id.*, PageID.6.)

Defendant Anderson now moves for summary judgment.  (ECF No. 34.)  CO Anderson argues that there are no genuine issues of material fact, and that he did not utilize excessive force against Kleinert in violation of Kleinert's Eighth Amendment rights.  Anderson contends that firmly holding Kleinert's arm during the escort constituted no more than a *de minimis* use of force.  (ECF No. 35, PageID.131-132.)  Furthermore, the use of force was intended to maintain and restore discipline following a prisoner altercation, and to get Kleinert safely to medical for treatment— it was not intended to cause harm.  (*Id.*, PageID.133-135.)  For the same reasons, CO Anderson argues that he is entitled to qualified immunity.  (*Id.*, PageID.136-138.)

In response, Kleinert emphasizes that he repeatedly asked CO Anderson to hold him by the other arm during the escort, and that CO Anderson refused, even after acknowledging that Kleinert had been hit by boiling bleach.  (ECF No. 44, PageID.239-240.)  Kleinert says that this caused further injury to his arm, and that it was done maliciously and sadistically to cause harm.  (*Id.*, pageID.241.)

The undersigned respectfully recommends that the Court deny Defendant Anderson's motion for summary judgment.  It is undisputed that Kleinert sustained first-degree and second-degree burns after another inmate splashed him with a hot liquid containing at least some bleach.  But in the undersigned's opinion, there are genuine issues of material fact bearing on whether Anderson grabbed Kleinert by the

affected arm in order to restore and maintain discipline, or maliciously and sadistically to cause harm.  If, as Kleinert attests, CO Anderson repeatedly refused to hold Kleinert by his non-affected arm and referred to Kleinert as a "punk ass inmate," a reasonable jury could determine that Anderson utilized force maliciously and sadistically to cause harm in violation of Kleinert's Eighth Amendment rights.

## II.     Factual Allegations

As noted above, Kleinert's initial complaint was unverified.[2]  This means that the Court is unable to consider Kleinert's complaint with like force and effect as an affidavit.  However, Kleinert attached an affidavit to his brief in opposition to CO Anderson's motion for summary judgment.  (ECF No. 44-5.)

In his affidavit, Kleinert attests that on August 13, 2021, he was "hit with boiling bleach . . . by another inmate."[3]  (*Id.*, PageID.252.)  Kleinert says that CO

---

[2]     28 U.S.C. § 1746(1) provides that:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . . "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

[3]     According to the Critical Incident Report, the other inmate microwaved a tumbler full of liquid for three minutes before throwing it at Kleinert.  (ECF No. 35-6, PageID.176.)

Anderson responded to the altercation, restraining Kleinert with handcuffs.  CO Anderson then held Kleinert by his burned arm.  (*Id.*)  Kleinert asked Anderson multiple times to switch arms due to his injury.

According to Kleinert, after Anderson escorted him out of the housing unit, Kleinert spit some of the bleach that had been thrown on him out of his mouth.  (*Id.*)  CO Anderson responded by telling Kleinert that if he did it again, Anderson would "drop and ta[se]" him.  Kleinert says that he continued asking Anderson to switch arms because he had been hit with boiling bleach, and Anderson's grip was hurting him.  (*Id.*)  Anderson allegedly responded by stating that he knew Kleinert had been hit with bleach, as he could smell it, but that he wasn't switching arms.  Kleinert says that CO Anderson told him he was "just another punk ass inmate."  (*Id.*)

In all, Kleinert attests that CO Anderson held his burned arm "firmly and forc[ibly] for over 200 yards" lasting approximately five or six minutes.  Kleinert says that this use of force caused him further injury.  (*Id.*)  CO Anderson provided the following photographs of Kleinert's injuries:



4



(ECF No. 35-6, PageID.178.)

### III.    Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## IV.    Excessive Force

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime.  Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958).  The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346.  Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

To establish an Eighth Amendment claim, a plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).  "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Wilson*, 501 U.S. at 298).  "The subjective component focuses on the state of mind of the prison officials." *Id*.

While all Eighth Amendment claims involve an objective and a subjective component, the objective component is contextual and therefore varies depending on the claim asserted. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The degree of harm necessary to satisfy the objective component depends on "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).   The essential inquiry for Eighth Amendment claims of excessive force is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the

6

very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  In making this inquiry, courts are guided by "factors [such] as the need for application of force, the relationship between the need and the amount of force that was used [and] the extent of injury inflicted."  *Id.* at 320-21.

As set forth above, CO Anderson argues that he did not violate Kleinert's Eighth Amendment rights when he transported Kleinert to medical.   More specifically, CO Anderson argues that he used at most *de minimis* force to restrain and escort Kleinert.  (ECF No. 35, PageID.131.)   Anderson says that this is underscored by the fact that Kleinert's medical records do not demonstrate that Anderson exacerbated the injuries inflicted by the other inmate.  (*Id.*, PageID.132.) The medical records simply demonstrate that Kleinert suffered first-degree and second-degree burns to the left upper lateral cheek, scalp, left deltoid, and left lateral upper arm.  (ECF No. 35-4, PageID.155.)

Furthermore, CO Anderson says that he used the aforementioned *de minimis* force in an effort to restore and maintain discipline.  (ECF No. 35, PageID.135; *see also* ECF No. 35-2, PageID.143 ("I do not recall specifically where I placed my hand, but it is my typical practice to keep a hand on a handcuffed prisoner during an escort. I do this in order to maintain control over the prisoner and make sure he does not run or try to attack me or anyone else.").)  CO Anderson attests that Kleinert never told him that he was hurting Kleinert's arm; "[a]t no time did [Anderson] try to hurt Kleinert or cause him more pain." (ECF No. 35-2, PageID.144.)  And CO Anderson points out that Kleinert was not only involved in a prisoner altercation but was found

7

to have weapons (two sharpened pencils, one wrapped in plastic wrap at the base) on his person during the altercation.  (ECF No. 35, PageID.133.)

The problem is that while Anderson attests that he never intended to inflict unnecessary pain, and that Kleinert never told him that he was causing Kleinert pain, Kleinert attests to the opposite.  (*Compare* ECF No. 35-2, *with* ECF No. 44-5.)  And although a firm grip during escort may ordinarily constitute no more than a *de minimis* use of force, Kleinert attests that Anderson knowingly gripped an arm that had just sustained first-degree and second-degree burns while referring to Kleinert as a "punk ass inmate."  Whether or not that grip caused additional injury, Kleinert attests that it caused significant and continuous pain from the time that Kleinert was detained to the time he arrived at medical.  *Hudson*, 503 U.S. at 9 (noting that if significant injury was necessary to establish a claim of excessive force, "the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury"); *Wilkins v. Gaddy*, 559 U.S. 34, 38 ("Injury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts.").

Ultimately, viewing the evidence in the light most favorable to Kleinert as the non-moving party, it is the undersigned's opinion that there are genuine issues of material fact bearing on whether Anderson employed force in an effort to restore and maintain discipline, or maliciously and sadistically to cause harm.  *Whitley*, 475 U.S. at 320-21.   The Court should therefore deny Defendant's motion for summary judgment.

## V.    Qualified Immunity

In addition to arguing that he did not violate Kleinert's Eighth Amendment rights, CO Anderson asserts that he is entitled to qualified immunity.  (ECF No. 35, PageID.136-138.)

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *See Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))).  As explained by the Court in *Pearson v. Callahan*, a qualified immunity analysis involves two determinations: (1) "whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right," and (2) "whether the right at issue was "clearly established" at the time of defendant's alleged misconduct." 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  The Court may make these determinations in either order.  *Id.* at 236.

Anderson's claim for qualified immunity is largely redundant.  After initially arguing that he is entitled to judgment because he did not violate Kleinert's Eighth Amendment rights, he argues that he is entitled to qualified immunity because he did not violate Kleinert's Eighth Amendment rights.[4]  Because it is the undersigned's

---

[4]    In other words, CO Anderson does not argue that the rights at issue were not clearly established.

opinion that there are genuine issues of material fact bearing on whether CO Anderson violated Kleinert's Eighth Amendment rights, it is the undersigned's opinion that Anderson is not entitled to qualified immunity at this stage of the case.

## VI.   Recommendation

The undersigned respectfully recommends that the Court deny Defendant Anderson's motion for summary judgment (ECF No. 34).  It is undisputed that Kleinert sustained first-degree and second-degree burns after another inmate splashed him with a hot liquid containing at least some bleach.  But in the undersigned's opinion, there are genuine issues of material fact bearing on whether Anderson grabbed Kleinert by the affected arm in order to restore and maintain discipline, or maliciously and sadistically to cause harm.  If, as Kleinert attests, CO Anderson repeatedly refused to hold Kleinert by his non-affected arm and referred to Kleinert as a "punk ass inmate," a reasonable jury could determine that Anderson utilized force maliciously and sadistically to cause harm in violation of Kleinert's Eighth Amendment rights.

If the Court accepts this recommendation, Kleinert's Eighth Amendment claim against CO Anderson will remain.


Dated:  September 12, 2024                        /s/ *Maarten Vermaat*
                                                 MAARTEN VERMAAT
                                                 U. S. MAGISTRATE JUDGE

10

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).